**McCARTHY & HOLTHUS, LLP**
Melissa Robbins Coutts, Esq. SBN 246723
1770 Fourth Avenue
San Diego, CA  92101
Telephone:    (619) 243-3929
Facsimile:    (619) 685-4811
Email:        mcoutts@mccarthyholthus.com

Attorney for Interested Third Party,
Bank of America, N.A.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re: KARIME FARHAT,<br><br>　　　　Debtor. | Case No. 8:17-bk-10405-ES<br><br>Chapter 7<br>*Hon. Erithe A. Smith*<br><br>**BANK OF AMERICA, N.A.'S OPPOSITION TO TRUSTEE'S MOTION FOR ORDER COMPELLING FIRST AMERICAN TITLE TO TURN OVER BANKRUPTCY ESTATE ASSETS**<br><br>Date: October 5, 2017<br>Time: 10:30 a.m.<br>Ctrm: 5A |

Interested Party Bank of America, N.A. respectfully submits the following Opposition to the Trustee's Motion for Order Compelling First American Title to Turn Over Bankruptcy Estate Assets.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The property located at 1331 S. Oriole Street, Anaheim, California was sold at nonjudicial foreclosure sale by First American Title Insurance Company ("FATIC") on December 16, 2016. (Coutts Decl. Ex. A.)  The sale resulted in funds exceeding the amount owed to the beneficiary under the foreclosed deed of trust.  Accordingly, FATIC notified the potential claimants of the availability of the surplus funds under California Civil Code § 2924j.

(*See* Coutts Decl. ¶ 5.)  Under Civil Code § 2924k(a), Bank of America holds the priority claim to the funds as the holder of a junior Deed of Trust that was recorded with the Orange County Recorder on April 10, 2008.  (Coutts Decl. ¶¶ 6-8, Ex. C, E.)  The Deed of Trust secured repayment of a Note in the principal amount of $43,700.00.  (Coutts Decl. ¶ 7, Ex. D.) As of the date of the foreclosure sale, the amount owing to Bank of America is $36,602.39.  (Coutts Decl. ¶ 7, Ex. F.)

## II. LEGAL STANDARD

Whether property belongs to the bankruptcy estate is determined by state law.  *Raleigh v. Ill. Dept. of Revenue*, 530 U.S. 15, 20; *Butner v. United States*, 440 U.S. 48, 57 (1979); *In re Jacobson*, 676 F.3d 1193, 1200-01 (9th Cir. 2012).  In the present instance, the state law that governs whether the funds at issue should be classified as property of the estate is Civil Code § 2924k, which governs the distribution of surplus funds following a nonjudicial foreclosure sale.  *See* Cal. Civ. Code § 2924k.

## III. ARGUMENT

### A. The Surplus Funds Remaining from the Foreclosure Sale Are Not Assets of the Bankruptcy Estate to the Extent of Bank of America's Junior Lien.

The distribution of surplus funds following a nonjudicial foreclosure sale in California is governed by Civil Code § 2924j and 2924k.  Section 2924j outlines the procedure the foreclosure trustee must follow in notifying the claimants of the funds, and either resolving claims to the funds or depositing the funds with the Superior Court.  Section 2924k(a), on the other hand, identifies the potential claimants to the funds and outlines the order in which the funds are to be distributed:  First, the sale proceeds are applied to the trustee's fees and costs of sale.  Cal. Civ. Code § 2924k(a)(1).  Second, the funds are applied to repay the amount due under the deed of trust that was foreclosed.  Cal. Civ. Code § 2924k(a)(2).  Third, the funds are distributed to satisfy the balance of outstanding junior liens in the order of their recorded priority.  Cal. Civ. Code § 2924k(a)(3).  And lastly, any remaining funds after the first three categories have been satisfied are paid to the property owner at the time of the foreclosure sale.  Cal. Civ. Code § 2924k(a)(4).

The statute is clear that the trustee, or the court following deposit of the funds, "*shall distribute the proceeds*" in this order. Cal. Civ. Code § 2924k(a) (emphasis added). These statutes "serve the multilayered goals" of nonjudicial foreclosure by providing a quick, inexpensive, and efficient remedy and process for distributing the excess foreclosure proceeds, while also ensuring finality of sales between the parties. *Banc of Am. Leasing & Capital, LLC v. 3 Arch Trustee Services, Inc.* (2009) 180 Cal.App.4th 1090, 1108; *see Moeller v. Lien* (1994) 25 Cal.App.4th 822, 826.

The Chapter 7 Trustee's Motion is based on the premise that *all* of the surplus funds remaining from the foreclosure sale are property of Debtor's bankruptcy estate. But no party has disputed that Bank of America holds a valid junior lien on the property and is therefore entitled to receive the surplus funds before any funds could ever be paid to the Debtor. (*See* Chokr Mem. [doc. no. 46] at 1); Cal. Civ. Code § 2924k(a)(3). It is well established in California law that "the debtor may only claim surplus funds after discharge of all liens against the property." *Pac. Loan Mgmt. Corp. v. Superior Court*, 196 Cal.App.3d 1485, 1491 (1987).

Neither of the Code sections the Trustee cites in support of his Motion for Turnover would require the funds that should be distributed to Bank of America under the Civil Code's distribution scheme to instead be given to the Trustee. First, the Trustee relies on Section 542, which provides that an entity in possession of property of the estate "as of the commencement of the case" must turn over the property to the trustee. 11 U.S.C. §§ 541(a), 542. Similarly, the Trustee cites Section 543, which requires a "custodian" to deliver "any property of the debtor" to the trustee. 11 U.S.C. § 543(b). But as discussed above, the Debtor has no substantive right to receive any of the surplus foreclosure funds until all liens junior to the foreclosed deed of trust are satisfied. Bank of America has a valid claim to receive $36,602.39 from those surplus funds before Debtor would acquire any right to receive any of the remaining proceeds. Cal. Civ. Code § 2924k(a)(3)-(4). Accordingly, the $36,602.39 necessary to satisfy Bank of America's junior lien did not become property of the Debtor's bankruptcy estate.

To the extent that the Debtor may have an interest in the surplus funds that remain after Bank of America's junior lien in the amount of $36,602.39 is paid, Bank of America has no

objection and takes no position as to whether those additional remaining sums should be turned over to the Trustee. But Bank of America respectfully submits that FATIC should be directed to distribute $36,602.39 to Bank of America in compliance with Civil Code §§ 2924j-2924k before any remaining funds are turned over to the trustee, as those funds have never been part of the Debtor's bankruptcy estate.

**IV. CONCLUSION**

For the foregoing reasons, Bank of America respectfully requests that FATIC be directed to distribute $36,602.39 to Bank of America in compliance with Civil Code §§ 2924j-2924k before any remaining funds are turned over to the Bankruptcy Court.

Dated: __9/26/17_____                    Respectfully Submitted,


   /s/ Melissa Robbins Coutts_____
Melissa Robbins Coutts, Esq.
McCarthy & Holthus, LLP
Attorneys for Bank of America, N.A.