D. EDWARD HAYS, #162507
ehays@marshackhays.com
MATTHEW W. GRIMSHAW, #210424
mgrimshaw@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt Avenue
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

In re

KARIME FARHAT,

Debtor.

Case No. 8:17-bk-10405-ES

Chapter 7

OMNIBUS REPLY IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER COMPELLING FIRST AMERICAN TITLE TO TURN OVER BANKRUPTCY ESTATE ASSETS

Continued Hearing:
Date: October 5, 2017
Time: 10:30 a.m.
Ctrm: 5A

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Karime Farhat ("Debtor"), submits this Reply to the Opposition briefs filed by (1) Houssameddine Chokr ("Chokr") and (2) Bank of America ("BofA") (collectively, the "Oppositions"). The Oppositions do not provide a basis to deny the Motion, and therefore, for the reasons set forth below, the Motion should be granted.

1. **The Chokr Opposition**

Relying on questionable legal authority, Chokr argues that the Estate has no right to the Funds. Not so. At a minimum, the Funds should be turned over to the Trustee and held pending a

resolution by this Court of all competing claims. Indeed, as this Court has jurisdiction over all property of the Estate, including all legal and equitable claims held by the debtor, this Court is best-suited to resolve issues relating to the Funds. 28 U.S.C. §157(b)(2)(E); 11 U.S.C. §541(a).

### A. The way in which title to the Property was held is not determinative

First, citing *In re Marriage of Brooks*, 169 Cal.App.4th 176 (2008), Chokr contends that, because he held title to the Property, the Debtor had no interest in it. Therefore, according to Chokr, the Estate acquired no interest in the Funds. The assertion is simply an incorrect statement of the law.

*Brooks* is questionable authority at best as the California Supreme Court said it is "not persuasive." *In re Marriage of Valli*, 58 Cal.4th 1396, 1405 (2014). Even if *Brooks* were persuasive, Chokr's argument relies on the manner in which title to the Property was held (i.e. as his sole and separate property). As the BAP explained in *In re Brace*, 566 B.R. 13 (2017), after *Valli*, the manner in which title to property is held is not controlling with respect to whether an asset is community property. *Id.* at 23-27.

Thus, any argument that there was no community property interest in the Property because title was held in a particular fashion is unpersuasive.

### B. Even if a transmutation occurred, the Estate is entitled to the Funds

Next, Chokr contends that a transmutation occurred. It did not. The alleged deed is insufficient to satisfy Family Code §850 *et seq*. But even if Chokr is correct, and a transmutation occurred, the Estate is still entitled to the Funds because a transmutation agreement can be set aside as a fraudulent transfer. *See, e.g., In re Kimmel*, 367 B.R. 174, 177-78 (Bankr. N.D. Cal. 2008). Debtor apparently received no consideration for alleged transfer (i.e. transmutation). Therefore, the Estate is entitled to the recover the Funds. To the extent that an adversary proceeding is necessary for such a determination, the Funds should be turned over to the Trustee and held in his trustee's account "in trust" pending a final resolution of such claims.

/ / /

### C. All disputes regarding potential property of the Estate should be resolved by this Court

Chokr argues that any dispute regarding the Funds should be litigated in Superior Court. Not so. This Court has jurisdiction over all property of the Estate, including all legal and equitable claims held by Debtor on the Petition Date. 28 U.S.C. §157(b); 11 U.S.C. §541(a). At a minimum, the Estate's claims that the Funds are property of the Estate are subject to this Court's jurisdiction. Thus, all claims relating to whether the Funds are property of the Estate, or may be recovered by the Estate, should be resolved here. Indeed, this Court familiar with California law and is better-suited to expeditiously resolve questions regarding whether the Funds are property of the Estate.

Finally, to the extent that Chokr claims that the Trustee must bring an adversary proceeding to obtain the Funds from FATIC, he is incorrect. FATIC consents to the turnover. Indeed, FATIC does not oppose the Motion and has written a letter to the various claimants explaining that it intends to turn the Funds over to the Trustee. That said, Trustee acknowledges that obtaining turnover of the Funds does not equate to an adjudication of the rights of the various parties with potentially competing claims to the Funds. The competing claims will be addressed through the Court's claims process.

In sum, for these reasons set forth above, the Funds should be turned over to the Trustee and held pending further order from this Court resolving any competing claims that may exist relating to the Funds.

## 2. The BofA Opposition

At bottom, the BofA Opposition contends that BofA's secured claim of approximately $36,600 should be paid before any sums are turned over to the Trustee. The Trustee agrees.

In the Motion, the Trustee seeks turnover of "approximately $82,000," and not the entire $118,523.13 held by FATIC. *Compare* Motion, pg. 2 *with* BofA Opposition, Ex. G, pg. 40. Trustee arrived at the sum sought ("approximately $82,000") by deducting the amount of BofA's secured claim from the amount held by FATIC ($118,523.13 - $36,602.39 = $81,920.74).

Since BofA does not oppose the turnover of the remaining funds to Trustee, the BofA Opposition is not a basis to deny the Motion.

## 3. Conclusion

For the reasons stated above and in the Motion, the Trustee respectfully requests that the Court grant the Trustee's Motion and order the Funds turned over to him pending a further order of the Court.

Dated:  September 28, 2017             Respectfully submitted,

                                                   By:  */s/ Matthew W. Grimshaw*
                                                        MATTHEW W. GRIMSHAW
                                                        Attorney for Chapter 7 Trustee
                                                        RICHARD A. MARSHACK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **OMNIBUS REPLY IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER COMPELLING FIRST AMERICAN TITLE TO TURN OVER BANKRUPTCY ESTATE ASSETS**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 28, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- ATTORNEY FOR NON-FILING SPOUSE HOUSSAMEDDINE CHOKR: Deborah R Bronner  debbronner@aol.com
- INTERESTED PARTY: Lynn Brown   notices@becket-lee.com
- U.S. TRUSTEE: Frank Cadigan   frank.cadigan@usdoj.gov
- ATTORNEY FOR SETERUS, INC. AS THE AUTHORIZED SUBSERVICER FOR FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"): Nichole Glowin   nglowin@wrightlegal.net, BKUDGeneralupdates@wrightlegal.net
- ATTORNEY FOR CHAPTER 7 TRUSTEE: Matthew Grimshaw   mgrimshaw@marshackhays.com, ecfmarshackhays@gmail.com
- ATTORNEY FOR DEBTOR: Gary Leibowitz   attorneygary@gmail.com
- TRUSTEE: Richard A Marshack (TR)  pkraus@marshackhays.com, rmarshack@iq7technology.com
- ATTORNEY FOR BANK OF AMERICA, N.A.: Melissa Robbins Coutts.   mcoutts@mccarthyholthus.com, jfiedler@mccarthyholthus.com
- U.S. TRUSTEE: United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **September 28, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**DEBTOR**
KARIME FARHAT
1531 W. JUNO AVE.
ANAHEIM, CA 92802-1622

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 28, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| The Honorable Erithe A. Smith – Via Personal Delivery<br>PRESIDING JUDGE'S COPY<br>United States Bankruptcy Court<br>Central District of California<br>Ronald Reagan Federal Building and Courthouse<br>411 West Fourth Street, Suite 5040 / Courtroom 5A<br>Santa Ana, CA 92701-4593 | **VIA EMAIL TO ATTORNEY FOR INTERESTED PARTY, FIRST AMERICAN TITLE INSURANCE COMPANY**<br>MICHAEL ASATOURIAN, ESQ.<br>MASATOURIAN@WRIGHTLEGAL.NET |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 28, 2017 | Cynthia Bastida | /s/ Cynthia Bastida |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

4852-0199-5598, v. 1